**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0029n.06
Filed: January 9, 2007

No. 05-4342

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

IDA S. KATZ,
       *Plaintiff-Appellee,*

                v.

ARNOLD RABKIN, ET AL.,
       *Defendant-Appellants.*

                                    On Appeal from the
                                    United States District Court for
                                    the Southern District of Ohio

_____

Before: KENNEDY and GIBBONS, Circuit Judges; ALDRICH, District Judge[*]

**KENNEDY, J.** Arnold M. Rabkin, et al. seek review of the district court's denial of their motion to assess monetary and non-monetary sanctions against Ida S. Katz pursuant to Fed. R. Civ. P. 11. This appeal is based on assertions that the district court abused its discretion because its refusal to grant sanctions was based upon erroneous determinations that (1) Katz's claims had not been fully litigated in state court and (2) the evidence in the record was insufficient to demonstrate Katz's improper purpose in bringing her case in federal court. We hereby assess monetary sanctions against Katz for filing a frivolous appeal and remand to the district court to determine whether it is appropriate to assess fees for the trial court proceedings following appellants' motion for summary judgment.

_____

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

# BACKGROUND

Ida Katz, the founder and former director of the Save the Animals Foundation, a non-profit charitable organization, alleges that appellants, the Save the Animals Foundation and several of its board members (hereinafter "STAF"), have committed a myriad of improprieties related to the management of the foundation. Katz has instituted state and federal court litigation, in addition to attempting various administrative remedies, essentially alleging the same improprieties against the same defendants, all to no avail. The Court of Common Pleas, Hamilton County, Ohio, dismissed Katz's state action in its entirety. The state appellate court upheld the dismissal of the vast majority of Katz's causes of action but remanded for further proceeding on two claims. Katz did not appeal the affirmance of the state district court's dismissal of the majority of her claims, and the Court of Common Pleas for Hamilton County, Ohio, provided final resolution of the two remanded claims, dismissing them on the merits pursuant to Ohio Civil Rule 41(B)(1) based on Katz's failure to prosecute following her attorney's withdrawal from the case.

Despite the resolution of all of her claims on the merits and a lack of any source of federal jurisdiction, Katz filed her case in federal court before the United States District Court for the Southern District of Ohio. In agreement with the magistrate's recommendation, the district court dismissed the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted over Katz's objections. A separate panel of this court affirmed the dismissal based on plaintiff's failure to establish any state action for her 42 U.S.C. § 1983 claim.

Expressing frustration at the considerable time and money expended to defend against Katz's jurisdictionally-insufficient and essentially duplicative federal suit, STAF moved the district court

2

to assess sanctions, seeking recoupment of the attorneys' fees incurred in moving to dismiss the federal action and in filing the motion for sanctions, as well as an injunction to prevent Katz from filing future suits against STAF without a magistrate's pre-approval. The district court denied this motion for sanctions. STAF here appeals that denial, asserting that Katz's decision to sign and file the complaint in federal court was not reasonable under the circumstances within the terms of Rule 11 jurisprudence. *Union Planters Bank v. I & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997)(citation omitted.).

## ANALYSIS

We hereby determine that Katz's actions do warrant the assessment of monetary sanctions. Although we review the district court's sanctions determination with the deference prescribed by the abuse of discretion standard, we must conduct a thorough examination based on this circuit's Rule 11 jurisprudence and the record before us. *See* Apostolic *Pentecostal Church v. Colbert*, 169 F.3d 409, 417 (6th Cir. 1999). Rule 11 requires that:

> . . . to the best of [an unrepresented party's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . claims . . . [presented to the court in a paper] are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law [and] the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). As the district court correctly noted, "[i]n this circuit, the test for the imposition of Rule 11 sanctions is 'whether the individual's conduct was reasonable under the circumstances.'" *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (citation omitted). Here, even if Katz possessed an initial good-faith belief that her claims were cognizable

in federal court, STAF's motion to dismiss reasonably should have put her on notice that these claims were legally insufficient. Accordingly, the law afforded her twenty-one days after service of the motion for sanctions to withdraw the complaint. Fed. R. Civ. P. 11(c)(1)(A).

Although the district court did not find sanctions to be appropriate, it failed to consider the fact that Katz's underlying complaint had no legally viable basis for federal jurisdiction. While the court might have considered it reasonable for the plaintiff to believe, as she argued, that the favorable tax treatment STAF received as a nonprofit would make it subject to suit in federal court, STAF's motion to dismiss the case and the district court's decision to grant that motion surely was sufficient to notify Katz that her claim was groundless. Instead of resting its decision on this issue, the district court came to its conclusion that Katz was not behaving unreasonably in bringing the federal case based on: (1) the notion that all of her state court claims were not dismissed on the merits, which was an erroneous interpretation of Ohio law, and (2) the fact that discovery had not yet occurred in the case. *See* Ohio Civ. R. 41(B) (stating that "[a] dismissal under division (B) [pertaining to involuntary dismissal] of this rule [for dismissal of actions], **operates as an adjudication upon the merits** unless the court, in its order for dismissal, otherwise specifies") (emphasis added).

We find the district court's analysis and conclusion to the contrary to be an abuse of discretion. Further, the district court's prior dismissal of Katz's claims based on the absence of jurisdiction and failure to state a claim was sufficient to alert a reasonable plaintiff to the frivolous nature of her case. Nevertheless, Katz, in filing a groundless appeal, forced STAF to incur additional expenses and waste even more time to continue to defend the case.

Based on our conclusion that Katz's frivolous appeal satisfies the standard set in Rule 11, we assess monetary sanctions in the amount of $500 to deter Katz from instituting further costly and

4

unmeritorious litigation. Additionally, we remand the case to the district court with instructions to award monetary sanctions to the defendants for attorneys' fees incurred in the trial court following the filing of the motion to dismiss. It is prudent to permit the district court to determine the full amount of the sanctions, as it could consider the plaintiff's financial situation and other relevant factors unknown to this court in doing so. Because we trust that issuing monetary sanctions in the form of attorneys' fees would sufficiently deter Katz from filing additional frivolous actions, we find it unnecessary to enjoin the plaintiff from instituting future litigation against the defendants without a magistrate's approval.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's judgment and **REMAND** for further proceedings in accordance with this opinion.